IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL L. ODGERS,

    Plaintiff,

v.     CASE NO. 3:19-cv-1671-MCR-GRJ

BP EXPLORATION & PRODUCTION,
Inc. & BP AMERICA PRODUCTION CO.

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion to Dismiss *pro se* Plaintiff's Trial Group 3 Back-End Litigation Option ("BELO") case for failure to comply with court orders and failure to prosecute.[1] ECF No. 38. The District Judge referred the motion to the undersigned for a report and recommendation. Because Plaintiff failed to respond to the motion to dismiss, the Court ordered Plaintiff to show cause as to why his case should not be dismissed with prejudice given his lengthy history of non-compliance with both his affirmative discovery obligations and the Court's

---

[1] Group 3 BELO cases are cases where most of the Plaintiffs, like Odgers, allege injuries other than sinus, ocular or dermal conditions. See ECF No. 20-3 (Downs Law Group - Third Group of BELO Cases).

discovery orders. ECF No. 39.  Upon due consideration, the undersigned respectfully recommends that Plaintiff's cause be **DISMISSED with prejudice**.

## I.     BACKGROUND

Plaintiff alleges that, as a Clean-Up Worker for the BP Oil Spill, he now suffers from cancer caused by his exposure to crude oil and other toxic chemicals during the clean-up.  ECF No. 1 at 2. [2]

Notwithstanding his alleged injuries, Plaintiff has a history of non-compliance with court orders governing his affirmative discovery obligations. Pursuant to the BELO Revised Case Management Order, ECF No. 20, Plaintiff's affirmative productions and disclosure of fact witnesses were due no later than June 14, 2021.  Plaintiff failed to meet the deadline, so on July 20, 2021, the Court ordered Plaintiff to either comply or move for relief from the obligations for good cause shown.  ECF No. 23.  Plaintiff's counsel subsequently withdrew from the representation, with leave of court, because Plaintiff failed to respond to repeated attempts at communication geared toward bringing him into compliance.

---

[2]For context, Plaintiff filed his complaint in the Eastern District of Louisiana on December 10, 2018.  ECF No. 1. The case was transferred to this District on June 11, 2019.  ECF No. 7.

In the Order granting counsel's withdrawal from this case, the Court specifically pointed out Plaintiff's deficiencies.  ECF No. 31. Namely, Plaintiff failed to serve certain affirmative productions (medical records, causation documents, authorizations) as required by prior court orders.  *Id.* at 1-2.  Notwithstanding the deficiencies, the Court stayed this case for a period of forty-five (45) days to allow Plaintiff to either retain new counsel or notify the Court that he intended to proceed *pro se*. ECF No. 31.  The Court warned Plaintiff that failure to comply with that Order would result in dismissal of his case.  *Id.*

Plaintiff responded by filing a motion requesting more time to find a lawyer to represent him.  ECF No.  36.  In that motion, Plaintiff stated that he cannot find a lawyer who will take his case and that he cannot represent himself.  *Id*.  The Court denied the motion because Plaintiff did not establish the good cause required to modify a scheduling order under Federal Rule of Civil Procedure 16(b)(4).  ECF No. 37.

In his one-page response to this Court's Show Cause Order, Plaintiff seeks yet another sixty (60) day continuance.  ECF No. 40.  Plaintiff says that despite his efforts to secure counsel, he is unable to find a lawyer who will represent him.  *Id*. Plaintiff further states that he cannot represent himself because he is battling terminal cancer.  *Id*.  Finally, Plaintiff says

that he has "zero information" about what has happened in his case to date and that he does not have his case file. *Id*. Plaintiff, however, does not address the Court's several orders directing him to make his affirmative disclosures to Defendants. Nor does Plaintiff provide the Court with any information about his attempts at retaining counsel (e.g., who, what, where, or when) or any specifics about why his cancer diagnosis prevents him from providing the court-ordered discovery, particularly his medical records.

A "party seeking the extension of an already-expired scheduling order deadline must show both good cause *and* excusable neglect." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (*citing* Fed. R. Civ. P. 6(b)(1) and Fed. R. Civ. P. 16(b)(4)) (per curiam) (emphasis in original). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dept. of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (per curiam) (c*iting Oravec v. Sunny Isles Luxury Ventures, L.C*., 527 F.3d 1218, 1232 (11th Cir. 2008)). "In other words, the moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline." *Williams v. Blue Cross & Blue Shield of Fla., Inc*., Case No. 3:09-cv-225-

MCR-MD, 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010) (citation omitted). "A finding of lack of diligence on the party of the party seeking modification ends the good cause inquiry." *Lord v. Fairway Elec. Corp.,* 223 F.Supp.2d 1270, 1277 (M.D. Fla. 2002).

"A Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Moyer v. Walt Disney World Co.,* 146 F.Supp.2d 1249, 1252 (M.D. Fla. 2000) (quoting *Payne v. Rider Sys., Inc. Long Term Disability Plan,* 173 F.R.D. 537, 540 (M.D. Fla. 1997) (internal quotation marks omitted)). "The object of Rule 16(b) is to 'assure that at some point ... the pleadings will be fixed.'" *Vazquez v. LCM Inv. Group, Inc.,* Case No. 6:05-cv-59-Orl-28DAB, 2006 WL 4835922, at *2 (M.D. Fla. Aug.24, 2006) (*citing* Fed. R. Civ. P. 16 advisory committee's note). "Recognizing the perils of disorderly litigation, '[t]he Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely.'" *Moyer,* 146 F.Supp.2d at 1252 (quoting *Payne,* 173 F.R.D. at 540).

In the case at hand, Plaintiff has not satisfied his burden of establishing good cause or excusable neglect. Plaintiff has had five extra months to prosecute his case and comply with court ordered discovery. The Court warned Plaintiff on five separate occasions that his case would

be dismissed if he failed to comply with his discovery obligations.  Most recently, the Court expressly told Plaintiff that it would recommend dismissal with prejudice without further notice if Plaintiff did not show good case as to why his case should not be dismissed.  ECF No. 39.  To date, Plaintiff has yet to address the Court's directives that he serve affirmative productions (medical records, causation documents, authorizations) on Defendants.

"[U]nder Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss a suit for failure to prosecute or failure to comply with an order."  *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019); *see also Foundry v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (federal courts possess an inherent authority to dismiss a complaint for failure to comply with a court order); *Sheraton Atlanta Hotel*, 618 F. App'x 987, 989-91 (11th Cir. 2015) (affirming dismissal of *pro se* complaint with prejudice for failure to comply with court orders where district court had given plaintiff detailed instructions on how to amend the complaint and plaintiff failed to amend in compliance with the order). While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, is

permitted. *See State Exch. Bank v. Hartline,* 693 F.2d 1350, 1352 (11th Cir.1982).

Nevertheless, "[d]ismissal with prejudice is a sanction of last resort, and proper only if the district court finds: (1) a clear record of delay or willful conduct and (2) that lesser sanctions are inadequate to correct such conduct. *Jacobs v. Atlanta Police Dep't*, 685 F. App'x 827, 831 (11th Cir. 2017) (per curiam) (*citing Zocaras v. Castro*, 465 F.3d 479, 483-84 (11th Cir. 2006) (internal quotation marks omitted)).

The undersigned finds that Plaintiff's disregard of five prior orders of this Court is willful and that a lesser sanction would be inadequate to correct such conduct.

Accordingly, it is respectfully **RECOMMENDED** that:

Defendants' Motion to Dismiss Plaintiff's cause for failure to prosecute and failure to comply with court orders, ECF No. 38, is due to be **GRANTED**.

**IN CHAMBERS** in Gainesville, Florida this 17th day of November 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.